UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JENNIFER WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-273 |
| | ) | |
| QUALITY INN MIDTOWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Jennifer Wilson filed a Complaint under several civil-rights statutes alleging that a Savannah, Georgia hotel refused, because of her race, to honor her use of her father's loyalty club rewards points. *See generally* doc. 1. She moved to proceed *in forma pauperis*, doc. 2, and the Court directed her to supplement it, doc. 6. She complied. Doc. 7. Because it appears that she is unable to pay the filing fee, her Motion for Leave to Proceed IFP, as supplemented, is **GRANTED.** Docs. 2 & 7. Therefore, the Court proceeds to screen her Complaint. 28 U.S.C. § 1915(e)(2).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x

1

49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *see Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff, an African-American woman, alleges she was a hotel guest at the Quality Inn Midtown in Savannah, Georgia, where the first night she stayed "using her father's Choice Hotel points and the second night using her own payment."  Doc. 1 at 2.  The third night, when she attempted to pay using her father's "points" again, she alleges the hotel "refused to honor the same type of reservation," since hotel policy

required the "point owner" to be physically present. *Id.* at 2-3. She was "denied check-in," and her room key did not work. *Id.* at 3. When she inquired, the "[f]ront-desk employee claimed [her] father must be present," and provided "no explanation for [the] inconsistency," except for commenting that the hotel had "issues with using other people's points." *Id.* Plaintiff "called Choice Hotels corporate," and, after Plaintiff expressed an interest in filing a lawsuit to address the situation, the front-desk employee "told the Choice Hotels reservations representative that Plaintiff could not stay because she said she would sue." *Id.* Eventually "Choice Hotels corporate" found Plaintiff another hotel in the area, which had allegedly loose floor tiles. *Id.*

Plaintiff argues the hotel employee's inconsistent application of the policy was a violation of her civil rights, under federal and Georgia law. Doc. 1 at 2. She believes the "policy was selectively enforced due to her race," and that the front-desk employee's statement to the Choice Hotels representative was retaliation for threatening to sue. *Id.* at 3. She alleges claims against Quality Inn Midtown, Choice Hotels International, Inc., and an otherwise unidentified "John/Jane Doe" front-desk agent, for race discrimination and retaliation under 42 U.S.C. § 1981, public

accommodations discrimination under 42 U.S.C. § 2000a, interference with property rights under 42 U.S.C. § 1982, negligence, premises liability, and intentional infliction of emotional distress under Georgia law. *Id.* at 3-4. She seeks monetary damages. *Id.* at 4.

To state a § 1981 claim, Plaintiff must allege "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004)) (internal quotation marks omitted); *see also Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021) ("[I]n order to state a claim under § 1981, [a plaintiff] must allege (1) intentional racial discrimination (2) that caused a contractual injury."). Plaintiff alleges she is a member of a racial minority. Doc. 1 at 2. She also alleges that she had a contractual right to stay at the hotel. *Id.* at 3. The Court is skeptical that the hotel's refusal to honor Plaintiff's *father's* loyalty points constitutes a contractual injury to Plaintiff. However, even if Plaintiff has alleged a covered contractual injury, her §1981 claim fails

4

for the additional reason that she does not plead any facts to support intentional racial discrimination by any defendant.

Plaintiff may plead racial discrimination either directly or circumstantially. *Ziyadat*, 3 F.4th at 1296. "To state a claim for direct racial discrimination, a plaintiff must allege the overt invocation of race by the alleged discriminator—for instance, the use of a racial slur or racially charged language." *Id.* Plaintiff's Complaint includes no such allegation. *See generally* doc. 1. There is no allegation that the front desk agent or Choice Hotels representative ever disparaged her race, used racially charged language, or otherwise ever mentioned her race. *Id.* at 2-3. Plaintiff has also failed to allege a plausible circumstantial case of race discrimination, which requires Plaintiff to "point to comparators of a different race who were similarly situated in all material respects and were not subject to the same mistreatment." *Ziyadat*, 3 F.4th at 1296 (internal quotations and citations omitted). The only possible comparator Plaintiff identifies is herself, the first night of her stay. Doc. 1 at 2-3. Absent allegations of a similarly situated comparator of a different race, Plaintiff has not met her pleading burden.

Plaintiff's § 1981 retaliation claim also fails. "To state a retaliation claim under § 1981, a plaintiff must allege a defendant retaliated against [her] because the plaintiff engaged in statutorily protected activity. [Cit.] As with other statutory retaliation claims, such a claim under § 1981 requires that the protected activity involve the assertion of rights encompassed by the statute." *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1311 (11th Cir. 2010). "The protected activity in a § 1981 retaliation claim is limited to race." *Harris v. Bd. of Trs. Univ. of Ala.*, 846 F. Supp. 2d 1223, 1241 (N.D. Ala. 2012). Therefore, as discussed above, since Plaintiff has failed to allege any facts to support that any action by the hotel was due to her race, her retaliation claim fails.

Plaintiff's next claim, under 42 U.S.C. § 2000a, alleges that she "was denied full and equal enjoyment of lodging because of race." Doc. 1 at 3. Title II of the Civil Rights Act prohibits discrimination on the basis of race in places of public accommodation. 42 U.S.C. § 2000a(a). However, Title II provides only for injunctive and declaratory relief. 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 401–02 (1968) ("A Title II suit is thus private in form only. When a plaintiff brings an action under that Title, he cannot recover damages.").

Wilson does not seek injunctive relief; she seeks only monetary damages. Doc. 1 at 4.

Even if her Complaint requested injunctive relief, her allegations do not establish that she has standing to seek an injunction. To establish standing, Wilson must allege that she has suffered an "injury in fact," which requires an injury that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Kelly v. Harris*, 331 F.3d 817, 819–20 (11th Cir. 2003). " '[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). Rather, "in order to claim injunctive relief, a plaintiff must show 'a real or immediate threat that [she] will be wronged again—a likelihood of substantial and immediate irreparable injury.'" *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997) (quoting *Lyons*, 461 U.S. at 111).

Wilson's Complaint is based on a single event. *See generally* doc. 1. She does not allege that there is a continuing risk of disparate treatment. *Id.* She has not expressed an intention to return to the hotel to attempt

to use her father's points. *Id.* Wilson has, therefore, failed to state a claim under 42 U.S.C. § 2000a. *See Kelser v. Alcazar Shriners*, 2007 WL 484551, at *3 (M.D. Ala. Feb. 9, 2007) (finding that plaintiff lacked standing to bring a Title II claim where "[t]here are no allegations that the plaintiff is subject to any future harm; just allegations which support an inference of speculation of future harm"); *Schley v. Rest. Co.*, 2005 WL 1705501, at *2 (M.D. Fla. July 19, 2005) (dismissing a Title II claim where plaintiff failed to seek injunctive relief or allege facts supporting the issuance of an injunction, such as a "real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." (internal citations omitted)).

Plaintiff next claims a violation of 42 U.S.C. § 1982. Doc. 1 at 4. Section 1982 is "similar to § 1981 except that it focuse[s], not upon rights to make and to enforce contracts, but rights related to the ownership of property." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008). To state a claim for discrimination under § 1982, a plaintiff must allege facts to show: "(1) that [she] is a member of a protected class; (2) that Defendants intentionally discriminated against [her] on the basis of race; and (3) that there has been resulting interference in [her] rights or

benefits connected with the ownership of [her] property." *Todd v. Alabama Power*, 2010 WL 749334, at \*3 (S.D. Ala. Mar.1, 2010) (citing *CBOCS W., Inc.*, 553 U.S. at 446-47). This claim fails for the same reason as her § 1981 claim, discussed above. She has not plausibly alleged any intentional discrimination based on her race. This claim also fails for the additional reason that Plaintiff has not alleged any interference in her rights connected to her ownership of property; in fact, she alleges facts inconsistent with her ownership of any interest in the Choice Hotel points, instead alleging they are owned by her father.

Plaintiffs two final claims arise under Georgia law. The first, "Negligence & Premises Liability," doc. 1 at 4, fails to state claim. To state a premises liability claim under Georgia law, a plaintiff must allege "a duty, a breach of that duty, causation, and damages." *Wiltse v. Wal-Mart Stores East, LP*, 720 F. Supp. 3d 1313, 1318 (N.D. Ga. 2024) (internal citations and quotations omitted). Plaintiff alleges that "[t]he alternate hotel room was unsafe; Defendants breached duty of care." Doc. 1 at 4. However, Plaintiff does not identify the hotel with the allegedly unsafe hotel room, except that it was "down the street." *Id.* at 3. There is no allegation that any of the named defendants owed a duty to her

relative to that hotel. She alleges that her assigned room had "loose and rolling floor tiles" that created "a tripping hazard," but does not allege that she tripped or was otherwise harmed by the condition. *Id.* Her conclusory allegations are insufficient to state a claim against the named defendants for a negligence or premises liability claim under Georgia law.

Plaintiff's final claim is for Intentional Infliction of Emotional Distress under Georgia law. Doc. 1 at 4. "To succeed on a claim for intentional infliction of emotional distress in Georgia, a plaintiff must show: (1) the defendant's conduct was extreme and outrageous; (2) the defendant acted intentionally or recklessly; (3) the defendant's conduct caused emotional distress; and (4) the resulting emotional distress was severe." *Lightning v. Roadway Exp., Inc.,* 60 F.3d 1551, 1557 (11th Cir. 1995). It requires conduct "so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *Id.* at 1558. Plaintiff's conclusory allegation that Defendants' conduct was "extreme, outrageous, and intentional," without identifying which defendant was allegedly responsible, the intentional or reckless conduct by that defendant, or the severe emotional distress resulting from that conduct, Plaintiff fails to state a claim.

10

Although Plaintiff fails to state any claim upon which relief may be granted, "when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Accordingly, Wilson is **DIRECTED** to submit an Amended Complaint no later than August 5, 2026. Wilson is advised that her amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). She is further advised that failure to timely submit her amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. See Fed. R. Civ. P. 41(b).

Wilson has filed a Motion requesting Service of Process. Doc. 3. The Court will, if appropriate, provide additional instructions for service after she complies with this Order and the Court has an opportunity to

screen her Amended Complaint.  *See* 28 U.S.C. § 1915(e)(2); *see also* Fed.

R. Civ. P. 4(c).  Her Motion is **DIMISSED AS MOOT**.  Doc. 3.

    **SO ORDERED**, this 23rd day of July, 2026.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA