**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JENNIFER WILSON,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY INN MIDTOWN, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>CV425-273 |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Jennifer Wilson filed a Complaint under several civil-rights statutes alleging that a Savannah, Georgia hotel refused, because of her race, to honor her use of her father's loyalty club rewards points. *See generally* doc. 1. The Court authorized her to proceed in forma pauperis, screened her Complaint pursuant to 28 U.S.C. §°1915(e)(2), and afforded her an opportunity to amend her defective claims. *See generally* doc. 8. The deadline for her to submit an amended complaint was August 5, 2026. *See id.* at 11. She has not complied with the Order. *See generally* docket. The prior Order expressly warned her that failure to timely comply could result in a recommendation that her case be dismissed. Doc. 8 at 11 (citing Fed. R. Civ. P. 41(b)).

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Wilson's failure to comply with the Court's Order, along with the substantive defects in the original Complaint, *see* doc. 8 at 4-10, warrant dismissal.

Accordingly, Wilson's Complaint should be **DISMISSED**.[1] *See, e.g.,* Fed. R. Civ. P. 41(b). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

---

[1] To the extent that Wilson wishes to submit an amended complaint out of time, the fourteen-day objections period discussed below affords her **one final** opportunity. If she seeks to comply out of time, she must also respond and **SHOW CAUSE** why she failed to comply timely.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 12th day of August, 2026.

Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA